THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

v.

FEDERICO DUCOUDRAY-ACEVEDO,

Defendant.

Criminal No. 15-166 (ADC)

## OPINION AND ORDER

Although the judgment of conviction in this criminal case is currently on appeal, *see* **ECF No. 98**, the defendant has persuaded the Court of Appeals to stay the appellate proceedings and remand the matter for the limited purpose of allowing this Court to rule on two of his motions. *See* Order of Court, *United States* v. *Ducoudray-Acevedo*, No. 16-2247 (1st Cir. Nov. 15, 2016). The motions request imposition of a more lenient sentence and bail pending appeal. *See* **ECF Nos. 97**, **101**. The Court shall deny both motions, but will first recap some procedural history.

On September 13, 2016, defendant Federico Ducoudray-Acevedo was convicted before this Court, following a trial before Judge José A. Fusté and a jury, of Tampering with a Witness, Victim, or Informant, 18 U.S.C. § 1512(b)(1), and Obstructing the Due Administration of Justice, 18 U.S.C. § 1503. **ECF No. 95** at 1. This sentenced defendant to two concurrent terms of eighteen months in prison, to be followed by two concurrent terms of two years of supervised release. *Id*. at 2-3. The Court ordered defendant to surrender voluntarily to the United States Marshals for this District at noon on Monday, November 7, 2016. *Id*. at 2.

On the afternoon of Friday, November 4, 2016, defendant moved the Court to stay his voluntary surrender because he had just learned that he had been assigned to one of the federal prison camps he had wanted (namely, FPC Pensacola).  **ECF No. 102**, ¶ 2.  Although he had been ordered to surrender to the Marshall for this District, defendant claimed that he wanted time to "purchase airfare" to Pensacola, so that he could surrender himself to the prison without "a last minute scramble."  *Id.*, ¶¶ 3-4.  The Court granted the motion, extending the date of defendant's voluntary surrender to January 15, 2017.  **ECF No. 103**.

On January 10, 2017, defendant moved the Court to continue the date of his voluntary surrender again, "to at least February 24, 2017," because the Director of the local Office of Notary Inspection had identified "hundreds of faults" that defendant had committed, between the 1998 and 2008, as a notary public.  **ECF No. 106**, ¶¶ 1, 6.  Defendant alleged that he would "not be able to comply with the rectifications required of him in fewer than 45 days."  *Id.*, ¶ 4.  The Court granted the motion, extending the date of his surrender to February 24, 2017.  **ECF No. 107**.

However, on February 19, 2017, defendant filed yet another motion to delay the date of his voluntary surrender.  **ECF No. 108**.  This time, defendant claimed that he had fallen down, breaking a toe and injuring his foot and ribs, and "was ordered to rest until April 8, 2017."  *Id.*, ¶ 2.  He claimed further that X-rays of his chest had indicated "bronchitis, possible emphysema, an enlarged heart with tortuous and calcified aorta, and a nodular structure in his lungs," all of which, he asserted, "require further investigation and diagnosis."  *Id.*, ¶ 3.  Although more than five months had passed since his felony convictions, defendant complained that he had just been

notified that the Puerto Rico Supreme Court had suspended him indefinitely from the practice of law, which required him "to notify all clients and return fees for any unperformed work within 30 days, and to cure the deficiencies identified in his notarial work within 60 days." *Id.*, ¶ 5. Accordingly, defendant asked the Court to "extend [his] voluntary surrender date to . . . Monday, April 17." *Id.*, ¶ 6. Although, by now, the pattern behind his motions was clear, the Court granted defendant until March 31, 2017, to voluntarily surrender himself. **ECF No. 111**.

On March 24, 2017, defendant filed yet another motion, asking the Court to allow him to remain at liberty in part because the Court had not yet ruled on his pending motions to serve a "split sentence" and to remain on bail pending appeal. **ECF No. 112**. In response, the Court extended defendant's voluntary surrender date – for the fourth time – to May 1, 2017, and then ordered him to surrender to the facility "designated" by the Federal Bureau of Prisons. **ECF No. 113**. The Court understands that it is not easy for anyone to surrender to custody and that prison will always get in the way of living one's life, and carrying out one's responsibilities, at liberty. But defendant cannot delay that date any longer and must submit to custody.

The Court has considered defendant's pending motions and will now deny them both. In the first motion, defendant asks the Court to reconsider its imposition of two concurrent terms of eighteen months in prison and to sentence him instead to a "split sentence." *See* **ECF No. 97**; *see also United States* v. *Suárez-González*, 760 F.3d 96, 98 (1st Cir. 2014) (explaining that a "split sentence" is "a sentence to be served partly in prison and partly in home confinement."). In general, "[t]here is simply no such thing as a 'motion to reconsider' an otherwise final sentence."

*United States* v. *González-Rodríguez*, 777 F.3d 37, 41 (1st Cir. 2015) (alteration in original) (quoting *United States* v. *Ortiz*, 741 F.3d 288, 292 n.2 (1st Cir. 2014)).  However, the Court expressly stated that it would entertain this motion, *see* **ECF No. 94** at 2, and so the Court will dispose of it on the merits.  Considering the factors set forth in 18 U.S.C. § 3553(a), and assuming that defendant is eligible for a split sentence, the Court still finds that the sentence it imposed is sufficient, but not greater than necessary, to comply with the purposes of federal sentencing.

To be clear, the Court believes that the sentence it imposed rests at the very bottom of the "range of reasonable sentences for [defendant's] particular subset of criminal activity."  *Suárez-González*, 760 F.3d at 102 (citing *United States* v. *Santiago-Rivera*, 744 F.3d 229, 234 (1st Cir. 2014)).  The Court finds that it would have also been reasonable to impose an incarceratory sentence of thirty-three months, as the Government recommended, *see* **ECF No. 94** at 1, or higher.  However, the Court was swayed, at the last minute, by the specific (and temporary) confluence of family and economic circumstances affecting defendant and more so, his family at that particular juncture in time.

In the second motion, defendant asks to the Court to allow him to remain on bail, pending appeal, pursuant to 18 U.S.C. § 3143(b)(1).  *See* **ECF No. 101**.  As defendant acknowledges, the Court may not grant him bail unless it finds that his appeal "raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than . . . the [expected] duration of the appeal process."  *Id*. at 1 (quoting 18 U.S.C. § 3143(b)(1)(B)).  However, the only

question of law that defendant raises in his motion is the propriety of Judge Fusté's instruction to the jury informing them of ABA Model Rule of Professional Conduct 4.2 and its status as the law of this Court pursuant to Local Civil Rule 83E(a). *See id*. at 3-6. Moreover, defendant only contests the instruction, standing alone, as written. *See id*. at 3, 5.

The Court finds that the jury instruction constituted an accurate statement of the law as it applied to defendant, who, at the time of his crimes, was a member in good standing of this Court's bar. The question, then, is whether the instruction was unfairly prejudicial. It was not. The instruction, as written, did not tell the jury that defendant's alleged conduct violated Model Rule 4.2, nor did it suggest that violations of that ethical rule constitute a sufficient factual basis from which to infer the requisite *mens rea*. *See* **ECF No. 61** at 10. All that the instruction provided to the jury were peripheral concepts relevant to their evaluation of defendant's alleged conduct. *See United States* v. *Machi*, 811 F.2d 991, 1000-1002 (7th Cir. 1987) (finding that informing jury of ethical rules governing lawyers, including defendant, was proper to aid jury their consideration of defendant's conduct). Here, defendant was charged with confronting an incarcerated witness outside of the presence of the witness's counsel. *See* **ECF No. 101** at 4. The ethical rule was germane to the jury's evaluation of those acts, and it cannot be reasonably disputed that, at all relevant times, defendant was aware of the content of the rule.

Defendant's complaints against the jury instruction read into the instruction language that is not there. The instruction did not tell the jury that defendant's alleged conduct "was, in fact, an ethical violation, and a violation of law." **ECF No. 101** at 6. It did not "suggest an

absolute prohibition on legal visits to represented persons." *Id*. It did not "direct[] the jury to determine" that defendant had the requisite *mens rea*. *Id*. Accordingly, the Court does not find it "a 'close' question" whether the jury instruction constituted prejudicial error. *United States* v. *Bayko*, 774 F.2d 516, 523 (1st Cir. 1985) (quoting *United States* v. *Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)). It did not. Thus, the Court does not find that defendant's appeal is "likely to result in" a more favorable disposition. *See* 18 U.S.C. § 3143(b)(1)(B).

In addition, there is on record significant and strong evidence of guilt that may well explain the jury's verdict.

In sum, the Court hereby **DENIES** defendant's motions for a split sentence, *see* **ECF No. 97**, and for bail pending appeal, *see* **ECF No. 101**. The Court also notes that it has now **MOOTED** defendant's request to rule on the above motions, *see* **ECF No. 112**. As indicated in the Order at **ECF No. 113**, the Court **ORDERS** defendant to voluntarily surrender himself to custody **no later than May 1, 2017**, either to the United States Marshals for the District of Puerto Rico or to the federal penal institution that the Federal Bureau of Prisons has designated for his incarceration.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 5th day of April, 2017.

S/AIDA M. DELGADO-COLÓN
**Chief United States District Judge**